AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

In the Matter of the Search of  )
*(Briefly describe the property to be searched*  )
*or identify the person by name and address)*  )     Case No.  20-MJ-7009
U.S. Postal Service Package bearing tracking number  )
9405 5102 0082 9222 0511 11, addressed to Jose Soto,  )
P.O. Box 121, Niantic, Illinois 62551-0121  )

FILED
JAN 27 2020
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A, which is attached hereto and incorporated by reference.

located in the ____Central____ District of ____Illinois____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is attached hereto and incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Possession of a Controlled Substance with the Intent to Distribute It |

The application is based on these facts:
See Postal Inspector Jordan Tipton's affidavit, attached hereto and incorporated by reference.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested
    under 18 U.S.C. § 3103a, the basis of which is set s/JORDAN TIPTON

s/JORDAN TIPTON
_____
*signature*

Jordan Tipton, U.S. Postal Inspector
*Printed name and title*

s/ERIC I. LONG
_____
*Judge's signature*

Eric I. Long, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT OF
THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

In the Matter of the Search of:

U.S. Postal Service Package bearing tracking number 9405 5102 0082 9222 0511 11, addressed to Jose Soto, P.O. Box 121, Niantic, Illinois 62551-0121

20 – MJ – 7009

## AFFIDAVIT

I, Jordan Tipton, a sworn federal agent with the United States Postal Inspection Service, hereinafter referred to as USPIS, being duly sworn, depose and state as follows:

1. I have been employed as a Postal Inspector since August 2018 and am currently assigned to the multifunctional team in Springfield, Illinois, within the Chicago Division. I graduated from the USPIS Federal Law Enforcement Training Academy in November of 2018. I received federal law enforcement training from the USPIS in areas of prohibited mailing narcotics, mail fraud, mail theft, identity theft, credit card fraud, robberies, child exploitation, burglaries, and threats/assaults made against USPS employees. During my employment as a Postal Inspector, I have participated in investigations involving the theft of mail, counterfeit USPS keys, narcotics investigations, burglaries of USPS property, identity theft, credit card fraud, and threats/assaults made against USPS employees. Prior to becoming a Federal Law Enforcement Officer, I was a police officer with the St. Louis County Police Department for 5 ½ years. Prior to being a St. Louis County Police Officer, I successfully completed the six month St. Louis County and Municipal Police Academy. Upon my successful completion of the police academy, I was employed as a St. Louis County Police Officer, where I investigated many varieties of crime from robberies, assaults, thefts, burglaries, destruction of properties, fraud, and conducted numerous narcotic investigations. Combining my federal and St. Louis County experience, I have approximately a total of 7 years of law enforcement experience.

2. This affidavit is made in support of an application for a search warrant for a medium flat rate box, bearing tracking number **9405 5102 0082 9222 0511 11 (hereinafter "Package A")**

1

currently inbound to P.O. Box 121 Niantic, IL 62551. As described further below, Package A is believed to contain controlled substances, specifically methamphetamine "ice," in violation of the Controlled Substances Act, Title 21, United States Code, Sections 841(a)(1). This affidavit is submitted for the limited purpose of establishing probable cause for the search warrant sought. I have not set forth each and every fact known to me concerning this investigation. I have included what I believe are facts sufficient for the present purpose. The information contained in this affidavit is based upon my personal knowledge and investigation, as well as information conveyed to me by other law enforcement agents and employees.

BACKGROUND INFORMATION

3. Based on my experience and training, along with drug trafficking intelligence information gathered by the USPIS, I am aware that the U.S. Postal Service Express Mail and Priority Mail are frequently utilized by drug traffickers for shipping controlled substances or proceeds/payments. Use of Express Mail and Priority Mail are favored for the mailing of illicit goods because of the delivery speed (Express Mail - overnight; Priority mail – two-day delivery), reliability, free telephone and internet package tracking service, as well as the perceived minimal chance of detection. Express Mail was originally intended for urgent, business-to-business correspondence. Intelligence from prior packages that were found to contain controlled substances or proceeds/payments has indicated that packages of illegal narcotics generally have mailing labels from an individual to an individual. In legal transactions, Express Mail is seldom used for individual-to-individual correspondence.

4. Information gathered by the USPIS has also demonstrated that drug traffickers frequently use other delivery couriers, such as Federal Express (Fed EX) and United Parcel Service (UPS), for shipping controlled substances or proceeds/payments. Information gathered by the USPIS has demonstrated that the services and delivery practices of Fed Ex and UPS are similar to U.S. Postal Service Express Mail and Priority Mail. Like U.S. Postal Service Express Mail and Priority Mail, Fed Ex and UPS are favored because of the speed, reliability, free telephone and internet package tracking service, as well as the perceived minimal chance of detection. Similar to U.S. Postal Service Express Mail and Priority Mail, the original intent of Fed Ex and UPS was for urgent, business-to-business correspondence. Also, as with U.S. Postal Service Express Mail,

intelligence from prior packages found to contain controlled substances or proceeds/payments indicates that shipping labels for illicit mailings are usually from an individual to an individual. Fed Ex and UPS are seldom utilized to convey lawful individual-to-individual correspondence.

5. In an effort to combat the flow of controlled substances through the overnight delivery services, interdiction programs have been established in cities throughout the United States by the USPIS. The cities in which these programs have been established are those previously identified as known sources of and destinations for controlled substances. The USPIS conducted an analysis of prior packages mailed through overnight delivery services that were found to contain controlled substances or proceeds/payments of controlled substance sales. The analysis of those packages indicated that the labels on these packages are usually from an individual to an individual. In the few cases when overnight delivery packages containing controlled substances or proceeds/payments have displayed a business or company name, it has usually proven to be a fictitious business or company, or the business or company listed is not associated with the mailer and was randomly selected by the mailer in an effort to deter law enforcement detection. In such instances, Postal Inspectors review available business records to verify the postage payment utilized by the mailer.

6. Additionally, during the Silk Road investigation (dark web investigation that provided avenues to customers to order narcotics via the internet), the USPIS learned that unknown persons posted intelligence on the Silk Road website warning prospective drug mailers that most USPIS search warrant affidavits for narcotics or narcotics proceeds packages reflect mailing labels written as person-to-person and bore fictitious addressee and sender names. Due to this information being shared on the Silk Road Website, USPIS has noticed an increased number of packages utilizing valid sender and addressee names and/or valid business names on narcotics or narcotics proceeds packages. Recent analysis has also shown that whether the mailer utilized a legitimate name/business on a mailing label or a fictitious name on the mailing label, cash payment for postage is the method of payment for most narcotics or narcotics proceeds parcels. Most legitimate business mailings sent via U.S. Postal Service (USPS) or through other private couriers, meanwhile, reflect a pre-established postage meter or other various lines of credit that allow the company to pay for the postage.

7. USPIS analysis has established a series of characteristics which, when found in combination of two or more, have shown a high probability that the package will contain a controlled substance or the proceeds of controlled substance sales. Information collected by the USPIS has demonstrated that the presence of these characteristics is significant for delivery services, to include U.S. Postal Service Express Mail, Federal Express, and United Parcel Service. This profile includes the following characteristics: package mailed from or addressed to a known narcotic source city; package has a fictitious return address; package addressee name is unknown at the destination address; package sender name is unknown at the return address; package has address information that is handwritten; package is mailed from a Commercial Mail Receiving Agency (CMRA); package is addressed to residential areas; package is addressed person-to-person; packages are wrapped in brown paper and/or heavily taped; and the ZIP Code from where the package is mailed is different than the ZIP Code used in the return address, and/or any other characteristic previously noted in this paragraph.

8. The U.S. Postal Inspection Service has found the characteristics listed in the above paragraphs are indicative of packages that have been found to contain illegal controlled substances or the proceeds/payments for controlled substances.

PRESENT INVESTIGATION

9. On Friday January 24, 2020, Postal Inspector Jordan Tipton was notified by Illinois State Police Task Force Six Inspector Greg Lindemulder. Inspector Lindemulder advised a suspected narcotics parcel (Package A) was inbound to P.O. Box 121 Niantic, IL 62551. Inspector Lindemulder advised the following information as to why they suspected the parcel to contain controlled substances:

On November 20, 2019, Inspector John Russell of the Illinois State Police Task Force Six interviewed Bradley Creason in the Dewitt County Sheriff's office interview room. It should be noted that Creason is cooperating with law enforcement due to pending charges arising out of DeWitt County for possession of a controlled substance with intent to deliver. Creason has two prior drug-related convictions and one prior violent felony for which he was sentenced to a twenty-year term of imprisonment.

During the interview, Creason stated he received a two-pound package of crystal methamphetamine at a post office box belonging to Levi Edgecomb and his girlfriend, Candice Enlow, Niantic, Illinois. Creason stated he had been receiving packages for 3 to 4 months in this manner from Miguel Luna. Luna and Creason were cellmates in Macon County Jail.

Bradley Creason stated that he was selling crystal methamphetamine and learned that Candice Enlow had a contact that was bringing in high-grade crystal methamphetamine to the Central District of Illinois. This contact was identified as Miguel Luna. Creason began working with Levi Edgecomb and Candice Enlow, in conjunction with Miguel Luna, to import crystal methamphetamine to Illinois.

Bradley Creason stated the packages he has received via Levi Edgecomb's P.O. Box, originated from Mexico in the Baha California, Calexico, California area. The boxes are not be addressed to Levi Edgecomb or to Candice Enlow, but are addressed to random people with the address of Edgecomb's P.O Box in Niantic, IL. Creason described the contents of these packages as a block of crystal methamphetamine about the size of a squash. The block would be wrapped in plastic. In order to further avoid narcotics-trained K9 searches, the plastic was coated with a gel coating that is an odor-masking agent, then wrapped in an outer layer of plastic, and placed in the shipping box. Creason stated he would travel to Levi Edgecomb's residence in Niantic, open the package, and peal the outer layers off the crystal methamphetamine before breaking down the crystal methamphetamine into smaller packages for sale.

10. Utilizing Postal business records, Inspector Tipton discovered priority mail **9405 5102 0082 9222 0511 11 ("Package A")** currently inbound to P.O. Box 121 Niantic, Illinois 62551, and scheduled for delivery on January 27, 2020. Utilizing postal business records, Inspector Tipton discovered this would be the fourth parcel from Calexico, California, being delivered to P.O. Box 121 since September 23, 2019. Business records revealed no other parcels being delivered to P.O. Box 121 besides the four from Calexico, California.

11. Through my training and experience, subjects will open P.O. boxes to avoid using their personal residence to receive controlled substances. The P.O. Box in Niantic described by Creason was opened on September 17, 2019 and is registered to Levi Edgecomb who resides at 454 E Lewis St. Niantic, IL 62551. Candice Enlow is also an authorized name attached to the P.O. Box.

12. Based on the above information, on January 27, 2020, Inspector Tipton responded to the Niantic, IL Post Office to conduct further review of **Package A**.

13. **Package A** was mailed on January 23, 2020, from Raul Mejia, 1101 Ollie Av, Calexico, CA 92231. A records check confirmed that 1101 Ollie Av Calexico, CA is a U.S. Post Office. Utilizing law enforcement databases and postal business records, the name Raul Mejia does not have a P.O. Box registered at the post office. The recipient address is Jose Soto, P.O. Box 121, Niantic, IL 62551. Based on my training and experience, I am aware that the Calexico area is known to be the originating point of illicit narcotics, specifically methamphetamine ice.

14. Due to the characteristics associated with the **Package A**, such as originating from a known source narcotics area, the fictitious sender name, the fictitious recipient name not associated with P.O. Box 121, as well as it being the fourth parcel from Calexico, CA to P.O. box 121 (with no other packages being delivered to this P.O. box), a K9 review was requested.

15. On Monday, January 27, 2020, Officer Eric King, a K-9 Officer employed by the Illinois State Police, was contacted. Officer King responded to the Prairie Rest Stop in Argenta, Illinois 62501 and conducted a K-9 review at approximately 9:52 AM. Officer King was accompanied by his narcotic-trained canine "Onyx." **Package A** was placed in an area not known to have been previously contaminated by a narcotic odor. Inspector Tipton placed **Package A** among approximately three other similarly sized empty parcel boxes inside the hallway. Officer King had "Onyx" search this area. Upon arriving at **Package A**, Officer King advised that canine "Onyx" showed interest, but did not positively alert. The lack of alert is believed to have been due to the likely use of odor-masking coating on the inside of the package.

PACKAGE DETAILS

12. **Package A** is a medium flat rate box, measures approximately eleven inches, by eight and a half inches, by five and a half inches, and weighs approximately two pounds and eight ounces. **Package A** bears tracking number **9405 5102 0082 9222 0511 11**. Based on my training and experience, as well as the training and experience of other members of the USPIS Springfield multifunctional team, I believe that probable cause exists to believe that **Package A** contains illegal narcotics. Package A originated from a known source narcotics area, was sent to a P.O. Box rather

than delivered to recipients at a physical address, utilized a fictitious sender and fictitious recipient name not associated with P.O. Box 121, and was the fourth parcel from Calexico, CA to P.O. Box 121. These characteristics are consistent with packages that contain narcotics or proceeds of narcotics. It is my belief that the package will contain narcotics, a violation of Title 21, United States Code, Sections 841(a)(1) and 846. Upon execution of the search warrant, I will provide the court with documentation of my findings.

13. **Package A** is currently in the custody of U.S. Postal Inspector Jordan Tipton. Attached herewith as Attachment A is a picture of the mailing label for Priority Mail package **9405 5102 0082 9222 0511 11**.

14. Because this investigation is ongoing and its success would be jeopardized if the contents of this affidavit were made public, Inspectors request that this affidavit be sealed until further order of the Court.

s/JORDAN TIPTON

Jordan Tipton
U.S. Postal Inspector

SUBSCRIBED and SWORN to before me this 27th day of January, 2020.

s/ERIC I. LONG

ERIC I. LONG
United States Magistrate Judge
Central District of Illinois

7

## ATTACHMENT A

**Package A** is a medium flat rate box, measures approximately eleven inches, by eight and a half inches, by five and a half inches, and weighs approximately two pounds and eight ounces.  **Package A** bears tracking number 9405 5102 0082 9222 0511 11.



**Subject Package: 9405 5102 0082 9222 0511 11**

## ATTACHMENT B

All items and records contained in **Package A** with U. S. Postal Service Priority Mail Package No. 9405 5102 0082 9222 0511 11, including controlled substances or indicia of controlled substances and/or proceeds for controlled substances, as well as any information regarding the identity or location of the sender or intended recipient.